1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   NORTHERN DISTRICT OF CALIFORNIA
10
11   JOHN BROSNAN,                )
                                   )
12           Plaintiff(s),         )    No. C08-5216 BZ
                                   )
13        v.                       )    **ORDER ON DEFENDANTS' MOTION**
                                   )    **TO DISMISS PLAINTIFF'S**
14   ALVIN FLORIDA, JR., et al.,   )    **SECOND, THIRD, FIFTH, SIXTH,**
                                   )    **SEVENTH, EIGHTH, NINTH, AND**
15           Defendant(s).         )    **TENTH CAUSES OF ACTION**
                                   )
16   _____   )

17        On November 18, 2008, plaintiff John Brosnan

18   ("plaintiff"), proceeding in *pro se*, filed a complaint against

19   defendants Alvin Florida Jr. ("Florida"), Realty Info Systems,

20   and Monetary Recovery Service, Inc. (collectively

21   "defendants").[1]  Plaintiff's complaint alleges ten causes of

22   action[2] for: (1) battery; (2) slander; (3) libel; (4) property

23   damage; (5) intentional interference with prospective economic

24   _____

25        [1]   All parties have consented to my jurisdiction,
     including entry of final judgment, pursuant to 28 U.S.C. §
26   636(c) for all proceedings.

27        [2]   The first four causes of action are brought against
     defendant Florida, and the other six causes of action are
28   brought against all defendants.

                                  1

advantage; (6) false imprisonment; (7) false arrest; (8) civil conspiracy; (9) bid chilling; and (10) violation of Cal. Bus. & Prof. Code § 172000. Defendants move to dismiss plaintiff's second, third, fifth, sixth, seventh, eighth, ninth, and tenth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants argue that plaintiff's second, third, fifth, sixth, seventh, and eighth causes of action should be dismissed because defendant Florida's verbal and written statements to the police are absolutely privileged pursuant to Cal. Civ. Code Section 47(b), and therefore cannot form the basis for any of the alleged torts.[3]

In California, the absolute privilege found in Section 47(b) of the California Civil Code, protects statements to the police from litigation, even when false. *See* Hagberg v. California Federal Bank FSB, 32 Cal.4th 350, 365 (2004) (citing Cabesuela v. Browning-Ferris Industries of California, Inc., 68 Cal.App.4th 101, 112 1998) ("'Section 47 gives all persons the right to report crimes to the police, the local prosecutor or an appropriate regulatory agency, even if the report is made in bad faith.'"). Section 47(b)'s absolute

---

[3] Section 47(b) bars a civil action for damages based on statements made in any judicial proceeding, in any official proceeding authorized by law, or in the initiation or course of any mandate-reviewable proceedings authorized by law. The litigation privilege provided in Section 47(b) applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. A.F. Brown Elec. Contractor, Inc. v. Rhino Elec., 137 Cal.App.4th 1118 (2006).

2

1  privilege applies to "communications intended to instigate
2  official investigation into [suspected] wrongdoing" such as
3  communications made to police officers. Hagberg, 32 Cal.4th
4  at 369.  Section 47(b) establishes an absolute privilege for
5  such statements and bars all tort causes of action based on
6  them, except a cause of action for malicious prosecution.[4]
7  Id. at 360.

8  Defendants' motion to dismiss the second cause of action
9  for slander, the third cause of action for libel, the sixth
10 cause of action for false imprisonment, the seventh Cause of
11 action for false arrest, and the eighth cause of action for
12 civil conspiracy is therefore **GRANTED** on the ground that
13 statements defendants made to the police are protected by the
14 absolute privilege set forth in California Civil Code §
15 47(b).[5]

16 Defendants next argue that plaintiff's fifth cause of
17 action for intentional interference with prospective economic
18 advantage should be dismissed.  "The tort of intentional
19 interference with prospective economic advantage imposes
20 liability for improper methods of disrupting or diverting the

---

[4] Plaintiff has not pled a claim for malicious prosecution, and it is not clear from the facts alleged that he was ever prosecuted. See Sheldon Appel Co. v. Albert & Oliker, 47 Cal.3d 863, 871-72 (1989)(setting forth elements of a claim for malicious prosecution).

[5] Plaintiff cites to a variety of cases, such as Miller v. Fano, 134 Cal. 103 (1901) and Devis v. Bank of America, 65 Cal.App.4th 1002 (1998) for the proposition that statements made to police are subject only to a qualified privilege, and are not protected by that privilege if they are made with malice. Miller, however, was expressly disapproved in Hagberg, as were the authorities upon which the Devis court relied. See Hagberg, 32 Cal.4th at 369, 371-375, n.8.

3

business relationship of another which fall outside the boundaries of fair competition." <u>Settimo Associates v. Environ Systems, Inc.</u>, 14 Cal.App.4th 842, 845 (1993). In order to state a cause of action for intentional interference with prospective economic advantage, a plaintiff must plead the following elements: (1) an economic relationship which offered the probability of future economic benefit to plaintiff; (2) defendants' knowledge of this relationship; (3) defendants' intentional acts designed to disrupt that relationship; (4) actual disruption of the relationship; and (5) economic harm to plaintiff proximately caused by defendants' acts. <u>Reeves v. Hanlon</u>, 33 Cal.4th 1140, 1152 n.6 (2004) (citing <u>Youst v. Longo</u>, 43 Cal.3d 64, 71 n.6 (1987)). Here, plaintiff has alleged that he attended the trustee's sale with the intention of bidding, that defendants assaulted him for the purpose of preventing him from bidding and were successful in that the sale occurred while he was detained by the police. Construing these allegations liberally in plaintiff's favor, he states a claim. Questions about how likely it was that plaintiff would have been the successful bidder can best be handled on summary judgment. Defendants' motion to dismiss plaintiff's fifth cause of action for intentional interference with prospective economic advantage is therefore **DENIED.**

    Defendants also argue that plaintiff's ninth and tenth causes of action for "bid chilling" and unfair business practices, respectively, should be dismissed. Plaintiff cites neither a statute nor any applicable authority for his ninth

4

1  cause of action for "bid chilling", and the Court was unable
2  to find any.  Defendants' motion to dismiss plaintiff's ninth
3  and tenth causes of action is therefore **GRANTED**.
4      I find no need for argument and **VACATE** the hearing set
5  for March 25, 2009.  If he wishes to amend, plaintiff shall do
6  so by **April 9, 2009.**  Defendants shall answer or otherwise
7  respond by **April 30, 2009.**
8      It is so **ORDERED.**
9  Dated: March 23, 2009

                                    Bernard Zimmerman
                                    United States Magistrate Judge

15 G:\BZALL\-BZCASES\BROSNAN V. FLORIDA\ORDER Granting 12(B)(6) MOT TO DISMISS.wpd

5