UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>    Plaintiff(s),<br><br>  v.<br><br>ALVIN FLORIDA, JR., et al.,<br><br>    Defendant(s). | No. C08-5216 BZ<br><br>**ORDER GRANTING 12(b)(1)**<br>**MOTION TO DISMISS** |

Before me is defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction on the ground that diversity of citizenship is lacking because "plaintiff is undeniably a citizen of the State of California." (D's Mot. to Dismiss p.1.)[1] Defendants also argue that plaintiff fails to specify damages sufficient for the amount in controversy requirement. (D's Mot. to Dismiss p.9.) Because I find that plaintiff has failed to prove his Nevada citizenship for the purposes of establishing diversity jurisdiction, I need not reach the amount in controversy

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

1   issue.

2   On November 18, 2008, plaintiff John Brosnan
3   ("plaintiff"), proceeding *pro se*, filed this action invoking
4   the Court's diversity jurisdiction against defendants Alvin
5   Florida Jr. ("Florida"), Realty Info Systems ("RIS"), and
6   Monetary Recovery Service, Inc. ("MRS") (collectively
7   "defendants"), alleging state law claims arising out of an
8   incident that took place at a foreclosure sale in Oakland,
9   California between plaintiff and defendant Florida.  Plaintiff
10  alleges that he is a resident of Nevada and that all
11  defendants are domiciled in California.  (*See* Compl. ¶¶ 3-6.)

12  A federal court has subject matter jurisdiction over
13  civil actions between citizens of different states where the
14  matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  "If
15  the court determines at any time that it lacks subject matter
16  jurisdiction, the court must dismiss the action."  Fed. R.
17  Civ. P. 12(h)(3).  Here, as the party invoking diversity
18  jurisdiction, plaintiff bears the burden of pleading and
19  proving the facts to support diversity.  *See* Resnick v. La Paz
20  Guest House Ranch, 289 F.2d 814, 819 (9th Cir. 1961).  The
21  test used to determine an individual's state of citizenship
22  requires that the individual be domiciled in the state and
23  intend to remain there indefinitely.  Lew v. Moss, 797 F.2d
24  747, 749 (9th Cir. 1986).  A court will look at various
25  objective factors to determine an individual's domicile.[2]  Id.

---

[2] "[A]n individual's domicile involves a number of factors (no single factor controlling), including: current residence, voter registration and voter practices, location of personal and real property, location of brokerage and bank accounts,

1  at 750.
2      In support of their motion, defendants provided public
3  records of plaintiff's past California employment and mailing
4  addresses, of numerous civil suits where the plaintiff claimed
5  California residency, and of recent litigation where a court
6  determined plaintiff was domiciled in California and dismissed
7  the case for lack of subject matter jurisdiction.[3]  (D's Rep.
8  to Opp'n ¶¶ 1-4.)  Furthermore, an investigative search
9  revealed no public records of plaintiff in Nevada. (Bender
10 Decl. ¶ 6.)  After this challenge, the burden shifted to
11 plaintiff to provide substantive evidence that diversity in
12 fact exists.  *See* Sinclair v. Spatocco, 452 F.2d 1213 (9th
13 Cir. 1971).  Plaintiff failed to meet this burden.  The only
14 evidence plaintiff submitted is his declaration that he "is a
15 resident of Nevada" and uses a Nevada address and phone
16 number. (Opp'n ¶ 27.)  Plaintiff's declaration is insufficient
17 to establish diversity.  Besides an unverified address,
18 plaintiff has not provided any tangible connection to Nevada
19 such as a rental agreement, driver's license, voter
20 registration, or a bank account.  Nor has plaintiff
21 represented that he intends to reside and remain in Nevada
22 indefinitely.  Thus, both the objective facts and subjective

---

location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." Lew, 797 F.2d at 750.

[3] Though plaintiff's litigation history has some evidentiary value, it is not dispositive of the jurisdictional issue before me because plaintiff's citizenship is determined at the time this lawsuit was filed. *See, e.g.*, Hill v. Rolleri, 615 F.2d 886, 889 (9th Cir. 1980).

3

1 | intent necessary to establish citizenship are unsupported by
2 | the evidence.
3 |      After weighing the evidence presented by the parties, I
4 | find no need for argument and **VACATE** the hearing set for
5 | **June 24, 2009**.  I also find that plaintiff has failed to prove
6 | that this Court has subject matter jurisdiction.  For the
7 | reasons set forth above, **IT IS ORDERED** that defendants'
8 | 12(b)(1) motion to dismiss is **GRANTED**.
9 | Dated: June 22, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BROSNAN V. FLORIDA\ORDER GRANTING 12(B)(1) MOT TO DISIMISS.wpd

4